[Civ. No. 21259.    Second Dist., Div. One.    Feb. 21, 1956.]

RICHARD COE et al., Appellants, v. KINGS COUNTY TRUCK LINE (a Corporation) et al., Respondents.

Raoul D. Magana and Henry F. Walker for Appellants.

Crider, Tilson & Ruppé, Joe Crider, Jr., and Henry E. Kappler for Respondents.

DORAN, J.—Dr. Marie Condee Coe was killed at a signal-controlled intersection, within a business district, in a daylight collision between a Dodge sedan being operated easterly by her and defendants' heavy 65,500-pound and lengthy, approximately 60-foot, equipment which consisted of a truck-tractor and a large semitrailer and a converter gear with another semitrailer attached, being operated by defendant in a southerly direction.

The action is for damage by the surviving husband and minor children of deceased. Following a jury trial the verdict and judgment were for defendant. A motion for a new trial was denied and the appeal herein is from the judgment.

As stated in appellant's brief, "Although the answer technically denied that death resulted from the accident, the evidence showed that the force of the impact threw Dr. Coe from the sedan and under the wheels of defendants' equipment where she was observed by defendant driver, and it was stipulated that she died as a result of this accident. As

an affirmative defense, the answer pleaded that the deceased had been guilty of contributory negligence 'in that at the time and place of said alleged accident said Marie Condee Coe so negligently drove said automobile as to cause the same to collide with the truck.' ''

The accident occurred at the intersection of South Alameda and 41st Street in Los Angeles. Alameda Street at this point is a four-lane highway.

''At the place of the accident and for some distance to the north and south thereof, Alameda Street runs north and south and is divided by a railroad private right-of-way which also runs north and south. Thus, one portion of Alameda runs north-south on the west side of the railroad right-of-way and the other portion of Alameda does the same but on the east side of said right-of-way. Both the west portion and the east portion of Alameda carry both northbound and southbound vehicular traffic. The city of Los Angeles is west and the city of Vernon is east, the boundary between them being about the middle of the railroad right-of-way so that southbound tracks are in Los Angeles and northbound tracks are in Vernon. The east-west street, which crosses Alameda and the tracks at the place here involved, is known as 41st Street in Los Angeles and as 38th Street in Vernon.

''The evidence without contradiction showed that defendant driver was operating the truck and trailers southerly on the Vernon side of Alameda (i.e., east of the railroad) and that the decedent was operating the Coe car in an easterly direction on the 41st-38th east-west street and that the collision occurred on the Vernon side of the intersection east of the railroad tracks.'' The intersection was controlled by traffic signals.

As recited in appellants' brief, ''The evidence was conflicting as to defendant's speed.'' Also, ''The evidence was conflicting as to whether decedent stopped on the railroad tracks and, when the signal was green for north-south traffic, followed a black sedan forward into the east portion of Alameda to be struck by defendants' truck or whether decedent was in the intersection and at the westernmost railroad track when the traffic signal was amber for east-west traffic and was moving in an easterly direction at all times and was struck by defendants' truck.'' ''The evidence was conflicting as to whether the Coe car was the only eastbound vehicle in the intersection or whether there was other such traffic therein.''

"The evidence in important respects was highly conflicting. Appellants do not claim that the evidence would be insufficient to support a judgment for respondents. Appellants herein do claim that the trial court erred prejudicially in instructing the jury."

It is contended on appeal that:

"I. The trial court erred in refusing instructions explaining and expounding rights and duties at a signal-controlled intersection."

"II. The trial court erred in refusing to give plaintiffs' requested instruction on prima facie speed limit."

"III. The trial court erred in refusing to submit, as a question of fact, whether defendant driver had been guilty of conduct under which contributory negligence would not be a defense."

The intersection where the accident occurred was not the usual crossing. As described in appellants' brief, "Both 41st Street (L.A.) and 38th Street (Vernon) are 40 feet wide. The approximate width of the southbound traffic lane of the portion of Alameda east of the railroad was 14'-6" and of the northbound traffic lane thereof was 12' making a total of about 26'-6". The width of the railroad right-of-way was approximately 37' or roughly room for two cars bumper to bumper. The width of the portion of Alameda west of the railroad was 48'-8"."

With relation to the instructions on contributory negligence appellants argue that, "It thus is seen that the given instructions negatived any possible basis for determination that defendants' conduct was so reprehensible as to preclude them from relying on contributory negligence as a defense; and that the trial court refused to submit one of plaintiffs' theories, i.e., that defendants were guilty of willful, wanton or reckless misconduct, as above defined which, if found, would preclude contributory negligence from being operative as a defense." The trial court's instructions on this subject were comprehensive and with relation to the evidence were correct as a matter of law. The prejudice claimed by appellants with regard to this subject lacks support in the record.

With regard to appellants' argument relating to the requested instructions on the subject of "Prima Facie speed limit," the failure of the trial court to give these instructions was, in the light of the record, not error.

An examination of the evidence reveals that section 511 of the Vehicle Code had no application. Incidentally, there

was no evidence of wilful misconduct on the part of the truck driver.

With regard to appellants' contention that the court erred in refusing instructions relating to rights and duties at signal-controlled intersections appellants urge that, ''The given instructions did not cover, adequately or correctly, the rights and duties of motorists at signal-controlled intersections. The various requested-but-refused instructions, above noted, plaintiffs sought to have the jury instructed thereon. But the court refused these requests, thereby leaving the jury without any proper guidance upon these obviously most important matters.''

An examination of the instructions given reveals that they fully and adequately cover the law applicable to the situation involved. No prejudicial error resulted in the failure of the court to add to the instructions those requested by appellants. In this connection the court read section 476 of the Vehicle Code.

█ It is well established that a judgment will not be reversed for the failure to give instructions unless it affirmatively appears that there has been a miscarriage of justice. (*Moise* v. *Fairfax Markets, Inc.,* 106 Cal.App.2d 798 [236 P.2d 216]; *Luis* v. *Cavin,* 88 Cal.App.2d 107 [198 P.2d 563].)

''It must appear that the jury was or could have been misled (*Cannis* v. *Di Salvo Trucking Co.,* 111 Cal.App.2d 893 [245 P.2d 365]) and the mere fact that some technical error may appear on meticulous analysis does not create prejudicial error (*Popejoy* v. *Hannon,* 37 Cal.2d 159 [231 P.2d 484]). Instructions that are repetitious or argumentative or which would only serve to confuse, are properly refused. (*Dodds* v. *Stellar,* 77 Cal.App.2d 411 [175 P.2d 607].)''

An examination of the record reveals no prejudicial errors. The judgment is affirmed.

Fourt, J., concurred.

White, P. J., concurred in the judgment.

A petition for a rehearing was denied March 12, 1956, and appellants' petition for a hearing by the Supreme Court was denied April 18, 1956.